UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-cv-21431-COOKE/TORRES

UNITED STATES OF AMERICA
and THE STATE OF FLORIDA,

    Plaintiffs

vs.

FASTTRAIN II CORP.,
d/b/a FASTTRAIN COLLEGE, and
ALEJANDRO AMOR, an Individual,

    Defendants.

_____/

**PLAINTIFF, UNITED STATES OF AMERICA'S STATEMENT OF FACTS AS TO WHICH THERE DOES NOT EXIST A GENUINE ISSUE TO BE TRIED**

Plaintiff, the United States of America ("United States"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 (a) of the General Rules of the United States District Court for the Southern District of Florida, hereby files this Statement of Material Facts as to Which There Does Not Exist a Genuine Issue to be Tried in support of the United States' Motion for Summary Judgment Against Defendants FastTrain II Corp. d/b/a FastTrain College ("FastTrain) and Alejandro Amor ("Amor") (FastTrain and Amor are collectively referred to as Defendants).

    A.    **Original *Qui Tam* Complaint and Intervention**

    1.    This case commenced through the filing of a *qui tam* complaint on behalf of the United States and the State of Florida ("Florida") on April 17, 2012 by Relator, Juan Peña, then a FastTrain admissions representative and employee. E.C.F. 1.

    2.    After investigation, on August 21, 2013, the United States filed its Notice of Election to Intervene on Counts I, II and III of the *qui tam* complaint against defendant FastTrain for certain of the alleged schemes. (E.C.F. No. 25).

    **B.**    **Criminal Charges Against Amor, Peña and Others**

3.    On September 30, 2014, Amor, who was the president and co-owner of FastTrain, and FastTrain admissions employees Jose W. Gonzalez, Michael Grubbs and Anthony Mincey were indicted in Case No.: 1:14-cr-20750-JAL (S.D. Fla.) with conspiracy to steal government funds in violation of 18 U.S.C. § 371 and theft of government funds in violation of 18 U.S.C. §641. On the same day, Juan Peña, Juan Arreola and Luis Arroyo who had each been FastTrain admissions representatives and directors, were charged in Case No.: 1:14-cr-20731-JAL with conspiracy to steal government funds in violation of 18 U.S.C. 371.

    **C.**    **Initial Complaints in Intervention**

4.    Upon the lifting of the stay in this case, the United States and Florida filed their Complaint in Intervention (E.C.F. No. 54) on December 2, 2014 and an Amended Complaint in Intervention on December 8, 2014 (E.C.F. No. 62).

    **D.**    **Guilty Pleas of Arreola, Arroyo and Peña and Dismissal of Peña**

5.    On December 8, 2014, Arreola and Arroyo entered into plea agreements and factual proffers for their role in the conspiracy with Amor and others to defraud the United States by stealing federal student aid funds between approximately January 2010 and May 2012 in violation of 18 U.S.C. § 371. *See United States v. Arreola*, 1:14-cr-20731-JAL (S.D. Fla.) (D.E. No. 37, Plea Agreement); (D.E. No. 38, Factual Proffer); *United States v. Arroyo*, 1:14-cr-20731-JAL (S.D. Fla.) (D.E. No. 39, Plea Agreement); (D.E. No. 40, Factual Proffer).

6.    On December 19, 2014, Peña pled guilty to a violation of 18 U.S.C. § 371, Theft of Government Money, for his role in the conspiracy with Amor and others to defraud the United States by stealing federal student aid funds between approximately November 2010 and May 2012. *See United States v. Peña*, 1:14-cr-20731-JAL (S.D. Fla.) (D.E. No. 44, Change of Plea Minutes); (D.E. No. 46, Plea Agreement); (D.E. No. 47, Factual Proffer).

7. The Plea Agreement between Mr. Peña and the United States concerned the exact same conduct that was the subject of the *qui tam* Complaint he brought on behalf of the United States. Following Mr. Peña's guilty plea, on March 27, 2015, we filed our Combined Motion for Dismissal of Relator Juan Peña and for Leave to File a Second Amended Complaint (E.C.F. 74, 75), which the Court granted on July 16, 2015. E.C.F. 76.

E. **Second Amended Complaint**

8. On August 20, 2015, the United States and Florida filed the Second Amended Complaint in Intervention (E.C.F. No. 83). The United States asserted claims against Defendants FastTrain and Amor for: **False or Fraudulent Claims (Count I)** alleging Defendants knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l) (2009), formerly 31 U.S.C. § 3729(a)(1)(2006), specifically, the claims for student loan and Pell Grant payments under the Title IV student financial assistance programs; **False Statements (Count II)** alleging Defendants knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B) (2009), formerly 31 U.S.C. § 3729(a)(2)(2006); **Unjust Enrichment (Count III)**, *alleging in the alternative* that, by reason of the conduct alleged in the Complaint and violation of federal law, Defendants were unjustly enriched and are liable to account for and pay such amounts to the United States; and **Payment by Mistake (Count IV)**, alleging that by reason of the foregoing conduct of the Defendants FastTrain and Alejandro Amor, the United States made payments under mistake of fact, and as a result has sustained damages in an amount to be proven at trial for which Defendants are liable.

    **F.**    <u>**Stay During Criminal Trial**</u>

    9.    On August 31, 2015, this Court entered its Order Granting the Parties' *Joint Motion to Stay Civil Proceedings Pending Final Resolution of Related Criminal Case* in *United States of America v. Amor*, Case No.: 1:14-cr-20750-JAL(s)-1 (S.D. Fla.) (E.C.F. 88).

    **G.**    <u>**Guilty Pleas of Gonzalez and Grubbs**</u>

    10.    On September 30, 2015, Jose W. Gonzalez, who had served as a FastTrain admissions representative, pled guilty to a violation of 18 U.S.C. § 371, Theft of Government Money, for his role in the conspiracy with Amor and others to defraud the United States by stealing federal student aid funds between approximately mid-2010 and May 2012. *See United States v. Jose W. Gonzalez*, 1:14-cr-20731-JAL (S.D. Fla.); (D.E. No. 254, Change of Plea Minutes); (D.E. No. 256, Plea Agreement); (D.E. No. 257, Factual Proffer).

    11.    On October 2, 2015, Michael Grubbs, who had served as FastTrain's Director of Admissions at its Jacksonville campus, pled guilty to a violation of 18 U.S.C. § 641, Theft of Government Funds. *See United States v. Grubbs*, 1:14-cr-20731-JAL (S.D. Fla.); (D.E. No. 264, Change of Plea Minutes); (D.E. No. 266, Plea Agreement); (D.E. No. 267, Factual Proffer).

    **H.**    <u>**Amor is Convicted**</u>

    12.    On November 24, 2015, on Day 23 of the criminal proceedings in *United States of America v. Alejandro Amor*, Case No. 1:14-cr-20750-JAL(ss)-1 (S.D. Fla.) (hereafter referred to as "*Amor Criminal Proceeding*"), the jury returned a verdict of Guilt as to Defendant Alejandro Amor on Count 1 (Conspiracy to Commit an Offense Against the United States (18 U.S.C. § 371) and 2 through 13 (Theft of Government Property (18 U.S.C. § 641) of the Second Superseding Indictment. (D.E. 393); *Amor Criminal Proceeding*, Verdict of Jury, D.E. 393 and Judgment and Conviction, D.E. 489.

13. <u>Prior to the jury deliberations and Amor being found Guilty, the Jury in the</u> *Amor Criminal Proceeding* <u>was provided with a copy of the Second Superseding Indictment.</u> In the Court's Instructions to the Jury as to Amor, Judge Lenard instructed the Jury as follows:

> The second superseding indictment charges 13 separate crimes, called "counts." . . **You'll be given a copy of the second superseding indictment to refer to during your deliberations**.
>
> Count 1 charges that the Defendants knowingly and willfully conspired to knowingly embezzle, steal, purloin, and convert to their own use and the use of another, money and things of value of the United States and of a department and agency thereof, . . . , that is, United States Department of Education Pell Grant and Direct Loan funds, in violation of Title 18, United States Code, Section 641.
>
> Counts 2-13 charge that Defendant Alejandro Amor committed what are called "substantive offenses," specifically theft of Government money. I will explain the law governing those substantive offenses in a moment. . . .

*Amor Criminal Proceeding*, Court's Instructions to Jury, D.E. No. 395 at p. 10.

14. The Second Superseding Indictment against Amor and his co-conspirators and the Second Amended Complaint, allege among other things, that FastTrain was approved by the U.S. Department of Education ("ED") to receive both Pell Grants and Direct Loans. Amor signed a Program Participation Agreement ("PPA"), in which he agreed that FastTrain would comply with all applicable federal statutes and regulations relating to the Pell Grant and Direct Loan Programs, including, among other things, the requirement that FastTrain enroll only students with a high school diploma, GED, or other credential approved by the Secretary of Education. *See Amor Criminal Proceeding*, Second Superseding Indictment, E.C.F. 252 at ¶¶ 15-30; Second Amended Complaint, E.C.F. 83 at ¶¶37-68.

15. The Second Superseding Indictment charged Amor in each count with making materially false and fraudulent representations:

### PURPOSE OF CONSPIRACY

3. It was the purpose of the [defendants'] conspiracy to unlawfully enrich themselves by obtaining and misappropriating Pell Grant and Direct Loan funds from the United States Department of Education **by making materially false and fraudulent representations**, and **by the concealment of material facts**, <u>concerning, among other things, the eligibility</u>

-5-

of students to receive Pell Grant and Direct Loan funds and the students' status as high school graduates.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

4. Beginning in or around January 2010, **ALEJANDRO AMOR directed** JOSE W. GONZALEZ, ANTHONY MINCEY, Michael Grubbs, Luis Arroyo, Juan Arreola, Juan Peña, and others, **to enroll students without high school diplomas or GEDS in FastTrain**. AMOR further **directed** [them], and others, **to coach those students to lie to FastTrain financial aid representatives assisting students with their FAFSAS, in order to falsely and fraudulently obtain Pell Grant and Direct Loan funds** for the students.

5. JOSE W. GONZALEZ, ANTHONY MINCEY, Michael Grubbs, Luis Arroyo, Juan Arreola, Juan Peña, and others, **acting at the direction of ALEJANDRO AMOR, recruited students without high school diplomas to enroll in FastTrain by, among other things, falsely and fraudulently advising the students that they could obtain a high school diploma for a fee and should falsely and fraudulently respond yes when asked by FastTrain financial aid representatives whether they had a high school diploma or GED**.

6. **ALEJANDRO AMOR**, JOSE W. GONZALEZ, ANTHONY MINCEY, Michael Grubbs, Luis Arroyo, Juan Arreola, Juan Peña, and others, **caused the students without high school diplomas to submit FAFSAS to the United States Department of Education falsely and fraudulently indicating that the student had graduated from high school or had a GED**.

7. **As a result of these false and fraudulent FAFSAS, ALEJANDRO AMOR received Pell Grants and Direct Loans from the United States Department of Education**.

8. **ALEJANDRO AMOR used the proceeds from the false and fraudulent FAFSAS for his own benefit and the benefit of others, and to further the** fraud.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one of the co-conspirators committed and caused to be committed in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. In or around September 2010, **ALEJANDRO AMOR**, JOSE W. GONZALEZ and Juan Arreola traveled from Miami, Florida, to Tampa, Florida, and met with new admissions representative D.G. at the Tampa campus.

2. In or around September 2010, **ALEJANDRO AMOR**, JOSE W. GONZALEZ, and Juan Arreola drove D.G. around Tampa to train him regarding Fast Train recruitment techniques.

3. During D.G.'s recruitment training, **ALEJANDRO AMOR**, JOSE W. GONZALEZ, and Juan Arreola recruited students without high school diplomas, in order to show him how to do so.

. . .

> 8. On or about March 30, 2011, **ALEJANDRO AMOR caused Fast Train to draw down** approximately $3,700 in **Pell Grant funds granted to M.P**.
>
> 9. On or about April 1, 2011, **ALEJANDRO AMO R caused Fast Train to draw down** approximately $6,334 in **Direct Loan funds provided to M.P.**
>
> . . .
>
> **All in violation of Title 18, United States Code, Section 371**.

See *Amor Criminal Proceeding*, Second Superseding Indictment, D.E. 252 at <u>Purpose of Conspiracy</u> ¶3; <u>Manner and Means of the Conspiracy</u> ¶¶4, 5, 6, 7 and 8, <u>Overt Acts</u> ¶¶ 1-3, 8-9 and Final Paragraph (emphasis added). For other examples of false statements of which Amor was charged and convicted, see D.E.252 Overt Acts ¶¶ 10-40 for Counts 1 and 2-13.

### I. Defendants File their Answer to the Second Amended Complaint

16. Following Amor's conviction in the *Amor Criminal Proceedings* the stay in this case was lifted [E.C.F. 92] and, Defendants' Answer to the Second Amended Complaint was filed on January 29, 2016 (E.C.F. No. 97).

### J. Denial of Motion for New Trial in *Amor Criminal Proceeding*

17. On December 8, 2016, Defendant Amor's Motion for New Trial was filed in the *Amor Criminal Proceeding* ("Motion," D.E. 410) and an "Order Denying Defendant Amor's Motion for New Trial (D.E. 410)" was entered on May 6, 2016. *Id.*, D.E. 513.

### K. Loss to the United States Through Defendants' Material False Claims

18. FastTrain's President, Amor signed, certified and submitted to ED four PPAs from 2010 through FastTrain's closing. Declaration of Jason Williams, concurrently filed herewith. *See also Amor Criminal Proceeding*, October 26, 2015 Trial Transcript, Testimony of David Bartnicki at pp. 17-20 ("Bartnicki Testimony"), concurrently filed.[1]

---

[1] Mr. Bartnicki is a Federal Training Officer with ED's Office of Federal Student Aid and was admitted to testify as an expert witness as an expert in the policies, procedures and regulations governing federal student aid. Bartnicki Testimony, *supra* at p. 6.

| FastTrain Campus | OPE ID No. | DUNS No. | Date PPA Signed by Alejandro Amor | Date PPA Signed by DOE | PPA Approval Expiration Date |
|---|---|---|---|---|---|
| Miami | 04131900 | 808082924 | 7/7/2010 | 7/9/2010 | 6/30/2014 |
| Ft. Lauderdale | 04132000 | 867663085 | 7/7/2010 | 7/9/2010 | 6/30/2014 |
| Jacksonville | 04132200 | 789457475 | 7/7/2010 | 7/9/2010 | 6/30/2014 |
| Tampa | 04132100 | 113421858 | 7/7/2010 | 7/9/2010 | 6/30/2014 |

19.  The PPAs signed by Alejandro Amor on behalf of FastTrain state with emphasis in bold letters on the first page of the PPAs in a double-lined box that:

> **The execution of this Agreement by the Institution and the Secretary is a prerequisite to the Institution's initial or continued participation in any Title IV, HEA Program.**

*Id*. By signing the PPAs, on FastTrain's behalf, Amor certified that FastTrain would comply with all Title IV of the Higher Education Act of 1965's ("HEA") requirements ("Title IV").

The first enumerated paragraph of each PPA states:

1. The Institution understands and agrees that it is subject to and will comply with the program statutes and implementing regulations for institutional eligibility as set forth in 34 CFR Part 600 and for each Title IV, HEA program in which it participates, as well as the general provisions set forth in Part F and Part G of Title IV of the HEA, and the Student Assistance General Provisions regulations set forth in 34 CFR Part 668.

   *The recitation of any portion of the statute or regulations in this Agreement does not limit the Institution's obligation to comply with other applicable statutes and regulations.*

*Id*. Amor also certified on FastTrain's behalf in each PPA that:

> *By entering into this Program Participation Agreement, the Institution agrees that:*
>
> *(1) It will comply with all statutory provisions of or applicable to Title IV of the HEA, all applicable regulatory provisions prescribed under that statutory authority, and all applicable special arrangements, agreements, and limitations entered into under the authority of statutes applicable to Title IV of the HEA, including the requirement that the institution will use funds it receives under any Title IV, HEA program and any interest or other earnings thereon, solely for the purposes specified in and in accordance with that program;*

Bartnicki Testimony, *supra* at pp. 17-20 and generally 21-50, 104-108; Williams Declaration.

20.  In total, from at least the Spring of 2008 through FastTrain's closing on June 22, 2012, FastTrain records reflect it received approximately $32,000,000.00 in Title IV funds

for students enrolled at FastTrain's seven campuses in Florida, approximately $3,000,000.00 of which was returned to ED. Of the approximate total of $29,000,000.00 that FastTrain received, approximately $25,200,000.00 was received during the 2010-2012 school years. *See Amor Criminal Proceeding*, October 18, 2015 Trial Transcript, Testimony of Nicole Eisenzopf ("Eisenzoph Testimony"),[2] at pp. 25-27 and November 10, 2016 Trial Transcript, Testimony of Mary Wilson ("Wilson Testimony") at pp. 5-11, concurrently filed herewith.[3]

21.     During the 2010-2012 program years, there were 920 separate draw-downs between January 1, 2010 and May 2012 associated with FastTrain in the ED's Grants Management System (G-5), each of which certified FastTrain's compliance with ED regulations. The draw-downs occurred and were made for the grant and loan programs since program year 2010. Affidavit of Nicole C. Eisenzopf, concurrently filed.

22.     ED's eligibility requirements are based upon statute, and implementing regulations, that reflect the ED's assessment that federal student aid should be available, in most instances, only to those students who have completed high school or earned a GED, because those are the students most likely to benefit from—and succeed in—most post-secondary schools. And, students with those credentials are more likely to repay their loans upon successful completion of a post-secondary program by obtaining employment in the field for which they have trained. By contrast, as a matter of law, the ED does not disburse federal student aid on behalf of students who are unready, or unlikely to succeed, at a post-secondary institution, because they were unable to complete high school or earn a GED. Bartnicki Testimony, *supra*, at pp.25-26 and generally 27-50, 104-108. Defendants' false

---

[2]  Ms. Eisenzopf is an ED-OIG Investigative Analyst and testified at the *Amor Criminal Proceeding* as an expert in database analysis and database technologies. Eisenzopf Testimony at pp. 6–9.
[3]  Ms. Wilson is a Forensic Accountant with the Federal Bureau of Investigation assigned to the Public Corruption Squad. Wilson Testimony, *supra* at pp. 143-44.

statements were illegal and material to the United States deciding to pay false claims. *Id*. at pp.6-50 and 103-107. ED would never have permitted FastTrain to draw-down funds had it known of Defendants' fraud. *Id*.

23.     On April 18, 2016, May 2, 2016, and June 6, 2016, sentencing and restitution hearings were held in the *Amor Criminal Proceeding* during which the United States presented evidence that the loss to the United States—that is, the amount of federal student aid stolen by the defendant between January 2010 and June 30, 2012 on behalf of ineligible students through false claims and false certifications—was $4,129,765.00. *Amor Criminal Proceeding*, May 2, 2016 Sentencing Hearing Transcript, at p. 34, and April 18, 2016 and June 6, 2016 transcripts and Declaration of Jason Williams, concurrently filed herewith. *See also id*. at United States' Status Report Regarding Loss Amount, D.E. 483 and United States' Response to Defendant Alejandro Amor's Motion for Stay of Restitution Judgment, D.E. 530. After presentation of evidence and a lengthy sentencing hearing and for purposes of Section 2B1.1(b)(1) of the United States Sentencing Guidelines, Judge Lenard found Amor owes restitution of $1,900,000 and that "Restitution to be noted on amended judgment after forfeiture judgment entered." *Amor Criminal Proceeding*, Minute Entry, D.E.524 and also D.E. 530 at p.1. Final judgment on restitution and forfeiture has not been entered as of the date of filing.

 Dated:  August 22, 2016                    Respectfully Submitted,

                                            WIFREDO A. FERRER
                                            UNITED STATES ATTORNEY

                                            By:  s/James A. Weinkle
                                                 James A. Weinkle
                                                 Assistant United States Attorney
                                                 Florida Bar No. 0710891
                                                 99 N.E. 4th Street, Suite 300
                                                 Miami, Florida 33132

                                              Tel.: 305.961.9290
                                              Fax: 305.530.7139
                                              Email: James.Weinkle@usdoj.gov

**Counsel for United States of America**

## SERVICE LIST

*U.S. v. FastTrain and Amor,*
**CASE NO.: 1:12-cv-21431-COOKE/TORRES**
**United States District Court Southern District of Florida**

      I hereby certify that on August 22, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

| **Mark S. Hamilton**<br>**Special Counsel**<br>**Consumer Protection Division**<br>Florida Bar No.: 63819<br>Office of the Attorney General<br>The Capitol, PL-01<br>Tallahassee, Florida 32399-1050<br><br>Tel.:: (850) 414-3300/Fax: 850-488-4483<br><br>Email: Mark.Hamilton@myfloridalegal.com<br><br>**Counsel for State of Florida**<br><br>**Via CM/ECF** | **Alejandro Amor**<br>Register Number: 06859-104<br>Federal Detention Center-Miami<br>33 NE 4th Street<br>Miami, FL  33132<br><br>Via U.S. Mail |
|---|---|

                                              **/s James A. Weinkle**
                                              **James A. Weinkle**